

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor   973-645-2700
Newark, New Jersey 07102

DVS/ZI/PL AGR
2010R00453

June 16, 2014           **RECEIVED**

Gerald Krovatin
Krovatin Klingeman           **JUN 20 2013**
60 Park Place, Suite 1100
Newark, NJ 07102           AT 8:30_____M
                           WILLIAM T. WALSH CLERK

      Re: Plea Agreement with Vijay Verma     CR 13-619-06

Dear Mr. Krovatin:

      This letter sets forth the plea agreement between your client, Vijay Verma, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Vijay Verma to a one-count Information, which charges that Vijay Verma effected transactions with access devices issued to another person or persons, to receive payment or any other thing of value, in violation of 18 U.S.C. § 1029(a)(5). If Vijay Verma enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Vijay Verma for his involvement in fraudulent credit card transactions conducted at Raja Jewelers and Arun Jewels from in or about 2003 through in or about February 2013. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Vijay Verma agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Vijay Verma may be commenced against him, notwithstanding the expiration of the limitations period after Vijay Verma signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1029(a)(5) to which Vijay Verma agrees to plead guilty carries a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Vijay Verma is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Vijay Verma ultimately will receive.

Further, in addition to imposing any other penalty on Vijay Verma, the sentencing judge: (1) will order Vijay Verma to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Vijay Verma to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Vijay Verma, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Vijay Verma to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Vijay Verma be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Vijay Verma may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Vijay Verma agrees to make full restitution for all losses resulting from the offense of conviction and from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to any victims identified by this Office.

2

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Vijay Verma by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Vijay Verma's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Vijay Verma agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Vijay Verma from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Vijay Verma waive certain rights to file an appeal, collateral attack, writ, or motion after

sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Vijay Verma agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, he will consent to the entry of a forfeiture money judgment in the amount of $451,258.87 (the "Forfeiture Money Judgment"). Defendant acknowledges that the Forfeiture Money Judgment is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1349, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense

Further, Vijay Verma agrees that the gold, gold jewelry and, currency that was seized from 820 Newark Avenue, Jersey City, New Jersey on or about February 5, 2012 (the "Forfeitable Property") is forfeitable in satisfaction of the Forfeiture Money Judgment, and that unless and until Vijay Verma satisfies the Forfeiture Money Judgment prior to sentencing using other assets, the Forfeitable Property will be used to satisfy the Forfeiture Money Judgment. Defendant acknowledges that, if the Forfeitable Property is used to satisfy the Forfeiture Money Judgment, the Forfeitable Property is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1029(a)(5), which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense, and/or as substitute assets pursuant to 21 U.S.C. § 853. The defendant agrees that he remains responsible for the balance of the Forfeiture Money Judgment if the proceeds from the liquidation of the Forfeitable Property, after the resolution of all third party claims, does not satisfy the Forfeiture Money Judgment in full.

Vijay Verma further agrees to waive all interest in any property forfeited in satisfaction of the Forfeiture Money Judgment (including the Forfeitable Property, if any) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Vijay Verma agrees to consent to the entry of orders of forfeiture for any property forfeited in satisfaction of the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Vijay Verma understands that the forfeiture of any property forfeited in satisfaction of the Forfeiture Money Judgment (including any Forfeitable

Property) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Vijay Verma hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

### Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Vijay Verma. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Vijay Verma.

No Other Promises

This agreement constitutes the plea agreement between Vijay Verma and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Zach Intrater
Daniel V. Shapiro
Assistant U.S. Attorneys

APPROVED:

Gurbir Grewal
Chief, Economic Crimes Unit

I have received this letter from my attorney, Gerald Krovatin, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 6/20/2014
Vijay Verma

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 6/20/2014
Gerald Krovatin, Esq.

7

Plea Agreement With Vijay Verma

Schedule A

1. This Office and Vijay Verma recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Vijay Verma nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Vijay Verma within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Vijay Verma further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 6.

3. Specific Offense Characteristic § 2B1.1(b)(1)(H) applies in that the loss attributable to Vijay Verma in the conspiracy is more than $400,000, but less than $1,000,000. This Specific Offense Characteristic results in an increase of 14 levels.

4. Specific Offense Characteristic § 2B1.1(b)(11)(B)(i) applies in that the conspiracy involved the production and trafficking in unauthorized and counterfeit access devices. This Specific Offense Characteristic results in an increase of 2 levels.

5. As of the date of this letter, Vijay Verma has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Vijay Verma's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6.  As of the date of this letter, Vijay Verma has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Vijay Verma's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Vijay Verma enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Vijay Verma's acceptance of responsibility has continued through the date of sentencing and Vijay Verma therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Vijay Verma's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Vijay Verma is 19 (the "agreed total Guidelines offense level").

8.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 19 is reasonable.

9.  Vijay Verma knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.